UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJED HAJBEH,

    Petitioner,

v.

Case No. 25-cv-13581
Hon. Matthew F. Leitman

KEVIN RAYCRAFT, *et al.*,

    Respondents.
_____/

### ORDER (1) SETTING VIDEO HEARING ON PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND RESPONDENTS' EX PARTE MOTION FOR LEAVE TO PRESENT CLASSIFIED INFORMATION FOR IN CAMERA REVIEW (ECF No. 6) AND (2) REQUIRING APPEARANCE OF ANTHONY F. SURIANO AT HEARING

    Now pending before the Court are Petitioner's Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1) and Respondents' Ex Parte Motion for Leave to Present Classified Information for In Camera Review (the "Motion") (ECF No. 6). The Court will hold a video hearing with respect to both the Petition and the Motion on February 6, 2026, at 11:00 am EST.

    Respondents have recently filed a Declaration by Anthony F. Suriano, a Deportation Officer with the U.S. Immigration & Customs Enforcement Office of Detention & Removal Operations, in which he states that Petitioner Hajbeh's "acceptance to a third country, specifically Palestine, is expected." (Suriano Decl. at ¶ 4, ECF No. 11-1, PageID.93.) But Suriano does not explain the basis for that

1

contention.  It is important for the Court to understand that basis.  Accordingly, Suriano shall appear at the hearing by video and shall be prepared to explain to the Court, under oath, the basis of his contention that Hajbeh's acceptance to Palestine is expected.

In addition, at the hearing, counsel for the parties shall be prepared to explain to the Court the following:

- Respondents shall be prepared to explain to the Court how the documents Respondents propose to submit for in camera review play into the issues before the Court.  Do those documents impact the Court's analysis under *Zadvydas v. Davis*, 533 U.S. 678 (2001)?  Do the documents provide some independent basis – beyond the contention that Hajbeh's removal is reasonably likely in the near future – for continuing Hajbeh's detention?  The Court needs to better understand the relevance of the documents that Respondents propose to submit in camera.

- Petitioner shall be prepared to identify the evidence in the record that, according to Petitioner, shows that there is no significant likelihood he will be accepted to Palestine.

- Respondents shall be prepared to discuss the likelihood that they will succeed in their efforts to terminate Hajbeh's 2004 Deferral of Removal under the Convention Against Torture.

- Respondents shall be prepared to provide a time estimate (not a specific date) for Hajbeh's removal and explain the basis for that estimate.

Counsel will have the opportunity to address any other matters they wish to address during the hearing.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 15, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126