UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJED HAJBEH,

Petitioner,

Case No. 25-cv-13581
Hon. Matthew F. Leitman

v.

KEVIN RAYCRAFT, *et al.*,

Respondents.

______________________________________/

**ORDER (1) CONSTRUING AMENDED PETITION FOR HABEAS CORPUS AS NEW PETITION (ECF No. 26); (2) STRIKING PETITION; AND (3) DIRECTING CLERK'S OFFICE TO FILE PETITION AS A NEW ACTION**

Petitioner Majed Hajbeh is currently in the custody of United States Immigration and Customs Enforcement. On November 11, 2025, while he was confined at the Monroe County Jail, Hajbeh filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In that petition, Hajbeh argued that he was entitled to be released under the rule in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because he had been detained more than six months pending removal and because there was no significant likelihood of removal in the reasonably foreseeable future. (*See id.*) The Court held a hearing on the petition, and on June 22, 2026, the Court denied the petition without prejudice on the basis that his incarceration to that point did not rise to the level of a due process violation. (*See* Order, ECF No. 24.)

The Court also entered judgment against Hajbeh and closed the action. (*See* Judgment, ECF No. 25.)

On August 18, 2026, Hajbeh returned to this Court and filed what he called an "Amended Petition" for habeas relief in which he asserts that his continued dentition is no longer reasonable. (*See* Am. Pet., ECF No. 26.) The Clerk of the Court docketed that petition in this case – the case in which the Court denied the first petition.

The "amended petition" is a new petition seeking habeas relief and should have been filed as new action with a new case number. *See*, *e.g.*, *Zhu v. Blanche*, 2026 WL 1532975, at *3 (W.D. Mich. June 1, 2026) (explaining that after denial of habeas petition brought under *Zadvydas*, petitioner would "remain[] free to file a new petition" in the future "asserting that continued detention is no longer reasonable"); *Sy v. Immigration and Customs Enforcement*, 2020 WL 5821516, at *9 (N.D. Ohio Jan. 15, 2020) (dismissing habeas petition brought under *Zadvydas* "without prejudice to Petitioner's right to file a new § 2241 petition in the future if a change in his circumstances occurs") *report and recommendation adopted at* 2020 WL 5814594 (N.D. Ohio Sept. 30, 2020); *Rivero Perez v. Supervisory Detention*

*and Deportation Officer*, 2026 WL 516570, at *16 (W.D. Ky. Feb. 3, 2026) (same) *report and recommendation adopted at* 2026 WL 512698 (W.D. Ky. Feb. 24, 2026).[1]

Accordingly, because Hajbeh's new petition should not have been filed in this case, the Court **ORDERS** as follows:

- Hajbeh's new petition (ECF No. 26) shall be **STRICKEN** from the docket in this case; and
- The Clerk of the Court is **DIRECTED** to re-file the petition as a new and independent civil action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

[1] *See also Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (describing potential second habeas petition filed after denial of first habeas petition brought under *Zadvydas* as a "new" petition); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (same).